**SO ORDERED.**

**SIGNED this 21 day of December, 2007.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

IN RE:

DAVID L. MAYBERRY                    Case No. 06-01862-8-JRL

      Debtor.

_____

### ORDER

This case is before the court on the debtor's motion for turnover of property and motion for sanctions for creditor misconduct against GMAC Mortgage (GMAC). On December 19, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

On June 23, 2006, the debtor filed for protection under Chapter 13 of the Bankruptcy Code. GMAC is a secured creditor of the debtor. On November 8, 2006, GMAC filed a motion for relief from stay, which was resolved by a consent order on January 24, 2007. Under the terms of the consent order, the debtor was to make regular monthly payments, plus cure payments from January 24, 2007 through July 24, 2007. The debtor made all required payments and remained current to GMAC, post-petition. Subsequent to the bankruptcy filing, the debtor received a GMAC Escrow Analysis Statement, dated January 18, 2007, which showed that GMAC held $5,710.58 in surplus escrow funds. The debtor contacted GMAC and requested that the surplus be released. A GMAC

representative advised the debtor that, due to the account's status, they were unable to discuss the matter and referred the debtor to another department.  On May 7, 2007, the debtor's counsel mailed a letter to GMAC requesting that the surplus funds in escrow be released to the debtor.  On May 22, 2007, the debtor received a letter from GMAC which stated that GMAC could not issue the surplus funds because the account status was "delinquent."  On August 15, 2007, the debtor filed a motion for turnover and sanctions which alleges that, by refusing to turn over the surplus funds in escrow, GMAC is in possession of property of the estate and is violating the terms of the automatic stay.

GMAC denies that it is in possession of estate property in violation of the automatic stay.  At the hearing, a GMAC performance review analyst presented testimony regarding the debtor's account history and GMAC procedures for holding funds in escrow.  Specifically, the account analyst testified that the January 18, 2007 Escrow Analysis Statement received by the debtor from GMAC does not reflect the actual amount of the debtor's funds held in escrow by GMAC.  Rather, the figure reflects the amount of surplus escrow funds GMAC hypothetically would have held if the debtor had made all payments on time.  The account analyst testified that it is impossible to tell, based on the January 18, 2007 Escrow Analysis Statement, what actual surplus amount of the debtor's funds, if any, that GMAC is holding in escrow.  Further, GMAC presented testimony that, pursuant to the loan agreements and North Carolina law, GMAC is entitled to hold certain surplus amounts in escrow without the obligation to release those funds to the debtor.

Based on the foregoing, the court DENIES the debtor's motion for turnover.  Although the court believes that the January 18, 2007 Escrow Analysis Statement is misleading, the court cannot allow the debtor's motion in its current form.  However, the court hereby orders GMAC to conduct an escrow analysis of the debtor's account to determine the amount of the debtor's funds that are

being held in escrow within thirty days of this order.  To the extent that amount exceeds the amount allowed to be held in escrow under the terms of the loan agreement and North Carolina law, those funds must be immediately turned over to the debtor.  Because the court does not find that GMAC has breached the automatic stay, the court DENIES the debtor's motion for sanctions.

**"END OF DOCUMENT"**